## MILITARY BOUNTY LANDS.

WENDELL v. WORDSWORTH, 20 J. R. 659, 5 J. C. R. 224.

*Constructive Notice to Purchaser of Military Lands by Deposit of Deed; Chancery Agreement.*

In this case, the Chancellor (Kent) held that a defective conveyance by a person seised in fee at the time is good, so as to bind the lands conveyed in the hands of the grantor and his heirs; and also good against a subsequent purchaser, with notice of the prior defective deed or conveyance.

*Semb.* That possession under such a deed will be constructive notice.

He held therefore upon these principles that when a soldier entitled to military bounty land, under the several acts of the legislature, by an instrument in writing, *purporting*

*to be under his hand and seal,* but to which no seal was affixed, for a valuable consideration, sold, quit-claimed and confirmed to the plaintiff, &c., all his right, title, claim, and demand to and for all the land to which he was entitled, &c., with covenant for further assurance, (no patent then having been issued for the land,) which instrument of conveyance was duly deposited in the office of the clerk of Onondaga county, on the 29th of April, 1805, pursuant to the act of January 8, 1784, and afterward, on the 8th of March, 1799, was duly proved; and the same grantor on the 25th of October, 1796, executed a deed in fee of the same land to P., under whom the defendant claimed title.

That although the first instrument for want of a seal was defective as a legal conveyance, yet it passed all the right and interest of the grantor in equity, the omission of the seal being a mistake, and contrary to the express intention of the parties.

But the Court of Errors held, that the deposit of the instrument in the clerk's office, under the act of January 8, 1794, and the act amending it, March 27, 1794, was not *legal* notice to subsequent purchasers, nor equivalent to a registry of the deed; and P., the second purchaser, was not therefore chargeable with notice of the prior conveyance; and that the plaintiff was not entitled to relief against him, or to a decree for a release from him of his claim and title.

---

☞ The principles held by the Chancellor in this case, although his decree was reversed, do not seem to be in any degree denied or impaired, so far as they declare that such a defective conveyance binds the lands in the hands of a purchaser, with *actual legal or constructive notice* of it; the Court of Errors differing only with him, as to the effect of the deposit of the deed, in creating such constructive notice, in the particular case.